UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LYNDON JONES, | ) ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 4:12-cv-01045-JAR |
| IAN WALLACE, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Lyndon Jones' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 10). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED**.

### I. Introduction and Background

On October 2, 2008, a jury found Petitioner guilty of one count of murder in the second degree and one count of armed criminal action (Resp. Ex. 2 at 1). On October 21, 2008, Petitioner filed a Motion for Acquittal or, in the Alternative, a New Trial (*Id.* at 62-66). The Trial Court denied the motion, and on December 5, 2008, sentenced Petitioner to concurrent terms of twenty years imprisonment in the custody of Missouri Department of Corrections (*Id.* at 68-71).

On August 14, 2009, Petitioner filed a direct appeal, raising two claims:

(1) The Trial Court erred in denying Petitioner's Motion for Judgment of Acquittal or, in the Alternative, a New Trial because the evidence was insufficient as a matter of law to sustain a conviction on the count of murder in the second degree; and

(2) The Trial Court plainly erred in overruling Petitioner's objection to the State's closing argument that implied Petitioner's failure to testify was indicative of guilt.

1

(Resp. Ex. 3 at 14, 16). The Missouri Court of Appeals for the Eastern District, finding no error of law, affirmed the Trial Court's judgment (Resp. Ex. 5).

On January 25, 2010, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct the Judgment or Sentence (Resp. Ex. 6 at 3-19). On May 25, 2010, Petitioner's counsel filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing pursuant to Missouri Supreme Court Rule 29.15, raising three claims:

(1) Trial counsel rendered ineffective assistance of counsel by failing to request a hearing on the motion to suppress Petitioner's alleged statements prior to his line-up;

(2) Trial counsel rendered ineffective assistance of counsel by failing to properly object to the State's comment during closing argument that allegedly implied Petitioner's failure to testify indicated guilt; and

(3) Trial counsel rendered ineffective assistance of counsel by failing to call Petitioner as a witness in his own defense contrary to Petitioner's wishes.

(*Id.* at 24-26). On October 4, 2010, the Motion Court denied the motion without an evidentiary hearing (*Id.* at 42-46).

On February 14, 2011, Petitioner filed a post-conviction appeal of the Motion Court's decision claiming the Motion Court clearly erred in denying Petitioner's motion without an evidentiary hearing because:

(1) Petitioner alleged facts not conclusively refuted by the record which, if proven, would entitle him to relief;

(2) Trial counsel rendered ineffective assistance of counsel by failing to request a pre-trial hearing to suppress Petitioner's alleged statements to police prior to and after a line-up; and

(3) Trial counsel rendered ineffective assistance of counsel by failing to properly object to the State's comment during closing argument that allegedly implied Petitioner's failure to testify indicated guilt.

(Resp. Ex. 7 at 15-16). On August 16, 2011, the Missouri Court of Appeals for the Eastern

2

District affirmed the Motion Court's denial of the post-conviction relief (Resp. Ex. 9).

On June 8, 2012, Petitioner filed this Section 2254 petition, raising the following grounds for relief:

(1) The Trial Court erred in denying Petitioner's Motion for Judgment of Acquittal or, in the Alternative, a New Trial because the evidence was insufficient as a matter of law to sustain a conviction on the count of murder in the second degree (Doc. 1 at 25);

(2) The Trial Court plainly erred in overruling Petitioner's objection to the State's closing argument that implied Petitioner's failure to testify indicated guilt (*Id.* at 27);

(3) Trial counsel rendered ineffective assistance of counsel by failing to properly object to the State's closing argument that implied Petitioner's failure to testify indicated guilt (*Id.* at 35);

(4) Trial counsel rendered ineffective assistance of counsel by failing to request a hearing regarding Petitioner's alleged statements prior to and after a line-up (*Id.* at 36);

(5) Trial counsel rendered ineffective assistance of counsel by failing to file a motion in limine to suppress Petitioner's alleged statements prior to and after a line-up (*Id.*);

(6) Appellate counsel rendered ineffective assistance of counsel by failing to raise on direct appeal a properly preserved objection to the State's voir dire, when the State asked whether the jury would require hearing from more than one witness (*Id.* at 37); and

(7) Appellate counsel rendered ineffective assistance of counsel by failing to raise on direct appeal a properly preserved objection to the state's voir dire, when the State asked whether the jury would require a weapon be presented (*Id.*).

## II. Analysis

A district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (internal quotation marks omitted)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A State court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## A. Procedural Issues

Grounds 2, 6, and 7 must be dismissed as procedurally defaulted. A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. Before seeking habeas relief, a petitioner is required to bring his claims through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the State courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c). "The failure to satisfy state procedural requirements serves as an adequate and independent state procedural bar to review." *Smith v. Groose*, 998 F.2d 1439, 1441 (8th Cir. 1993). A state prisoner may obtain federal review of a defaulted claim by demonstrating cause and prejudice. *Martinez v. Ryan*, 132 S. Ct. 1309, 1316.

In Ground 2, Petitioner asserts that the Trial Court plainly erred in overruling Petitioner's objection to the State's closing argument that implied Petitioner's failure to testify indicated guilt (*Id.* at 27). Here, the Missouri Court of Appeals, affirming the Trial Court's judgment and sentence, found that Petitioner failed to properly preserve that claim for appellate review[1] (Resp. Ex. 5 at 6). The Court of Appeals reviewed the ground for plain error, determining that "[w]ithout addressing whether the prosecutor's statements were improper, we do not believe that the jury's decision would have been different absent the comments, given the evidence of Defendant's guilt" (*Id.*). Specifically, "[g]iven that the jury was able to hear [a witness's testimony] of the events leading up to and including [] the shooting, and that they were able to watch a video tape of the shooting itself, we find that this limited exchange did not alter the

---

[1] The Court of Appeals noted that Petitioner conceded that he failed to properly preserve the issue for appeal (Resp. Ex. 5 at 6 n. 2).

outcome of the trial" (*Id.* at 7). The Appellate Court's review of the ground for plain error does not cure the procedural defect. *Clark v. Bertsch*, 780 F.3d 873, 876-877 (8th Cir. 2015) (holding that *Hayes* governs in the Eighth Circuit and therefore "a federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error.") The Court is unable to review the claim unless Petitioner can demonstrate cause for the default. In this case, Petitioner has not provided any cause for his failure to comply with state procedural requirements.

In Grounds 6 and 7, Petitioner argues that he received ineffective assistance of appellate counsel because appellate counsel did not brief two voir dire issues on direct appeal (Doc. 1 at 15-23, 36-37). However, Petitioner did not include these contentions in his amended Rule 29.15 motion (Resp. Ex. 6) or in his brief on post-conviction appeal. This failure constitutes procedural default giving rise to an adequate and independent state procedural bar to review. *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). Because Petitioner has not asserted any cause for his failure to comply with state procedural requirements, these claims are procedurally defaulted.

Accordingly, the Court dismisses Grounds 2, 6 and 7 will be dismissed with prejudice as procedurally defaulted.

**B. Ground 1: Second Degree Murder**

In Ground 1, Petitioner asserts that the Trial Court erred in denying his Motion for Judgment of Acquittal or, Alternatively, a New Trial, because the evidence was insufficient to sustain a conviction for second degree murder. Petitioner presented this claim on direct appeal, arguing insufficient evidence existed to show he (1) did not act under the influence of sudden passion, and (2) acted together with another person in killing his victim (Resp. Ex. 3 at 14). Regarding the first claim, the Appellate Court reasoned:

> The video tape shows that Defendant first ducked away from the shooting, then looked over his shoulder to see that Dowell was the person firing shots. The evidence showed that the Defendant joined Dowell and began to fire shots at [the victim's] car as it drove away (State's Exhibit 1A). Although Defendant argued that he acted under sudden passion when he shot back in the direction from where he though the initial shots originated, a jury could reasonably conclude from the evidence that Defendant was not reacting to the initial shots at the time he fired his gun at [the victim's] car because Defendant understood when he looked over his should that Dowell had fired the initial shots.

As for the second claim, the Appellate Court found:

> [A]mple evidence was presented from which the jury could draw such a conclusion. . . . The video tape shows that only Dowell and Defendant fired shots. The video tape also shows that although Defendant ducked away from the initial shots, he looked over his shoulder to see Dowell shooting, and then joined Dowell in shooting at [the victim's] car.

(Resp. Ex. 5 at 4-5). The Appellate Court therefore concluded, "[b]ecause there is sufficient evidence from which a reasonable juror could have found that Defendant was acting with Dowell to shoot Williams, and was not doing so under sudden passion, the trial court did not err in denying defendant's Motion for Judgment of Acquittal" (*Id.* at 5).

"[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is . . . whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 339 n.16.

Under Missouri law, "A person commits the offense of murder in the second degree if he or she knowingly causes the death of another person or, with purpose of causing serious physical injury to another person, causes the death of another person." MO. REV. STAT. § 565.021.1. But one commits voluntary manslaughter, not second degree murder, when he "[c]auses the

7

death of another person under circumstances that would constitute murder in the second degree . . . except that he caused the death under the influence of sudden passion arising from adequate cause[.] MO. REV. STAT. § 565.023.1. "'Sudden passion' means passion directly caused by and arising out of provocation . . . at the time of the offense and . . . not solely the result of former provocation." MO. REV. STAT. § 565.002(7). "If there has been time for the passion to cool, the offense is not committed under the influence of sudden passion." *State v. Whitley*, 408 S.W.3d 305, 308 (Mo. App. E.D. 2013). Furthermore, generally and in cases of second degree murder, any evidence that shows affirmative participation in aiding the principal to commit the crime is sufficient to support a conviction as an accomplice. *M.A.A. v. Juvenile Officer*, 271 S.W.3d 625, 629 (Mo. App. W.D. 2008).

The Appellate Court's decision is not contrary to or an unreasonable application of federal law. Although the Appellate Court did not cite *Jackson* directly, it considered whether sufficient evidence existed from which a reasonable trier of fact could find beyond a reasonable doubt that (1) Petitioner did not act under sudden passion and (2) Petitioner and Dowell acted together in shooting the victim. In so-doing, the Appellate Court relied on a video tape of the incident and found that the State presented sufficient evidence from which a jury could reasonably make these conclusions. Accordingly, Ground 1 is denied.

**C. Ineffective Assistance of Counsel Claims**

In order to state a claim of ineffective assistance of trial counsel, Petitioner must meet the *Strickland* standard: Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, Petitioner must show "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 113 (2009) (internal quotations and citations omitted).

**1. Ground 3: The State's Comment During Closing Argument**

In Ground 3, Petitioner asserts trial counsel was ineffective in failing to properly object to the following comment made by the State during closing argument:

> STATE: He ran away at first, he left at first, and he made the decision to come back and fire at that car. And that has not been explained by the defense.
> DEFENSE: Objection, shifting the burden.
> COURT: Overruled.
> STATE: That has not been explained by the defense.

(Tr. at 438). Petitioner argues counsel did not "properly object that the [S]tate's improper closing argument infringed on [his] right to remain silent and not to testify . . ." (Doc. 1 at 36).

On direct appeal the Appellate Court addressed Petitioner's claim that the Trial Court erred in overruling trial counsel's objection. The Appellate Court found, on plain error review, that the State's comment did not prejudice Petitioner (Resp. Ex. 5 at 7). The Motion Court, addressing the ineffectiveness claim at issue here, noted the Court of Appeals' finding and, applying *Strickland*, determined that, given the strength of the other evidence, the State's comment "could not have altered the outcome of the trial" (Resp. Ex. 6 at 45). The Appellate Court, applying state law analogous to *Strickland*, affirmed the Motion Court's decision, holding that trial counsel was not ineffective because "the State's comment did not improperly reference [Petitioner's] decision not to testify" (Resp. Ex. 9 at 8). Because the Court of Appeals found no

deficient performance, it did not address whether the alleged ineffective assistance was prejudicial (*Id.*).

The Missouri courts reasonably applied *Strickland*. The statement at issue did not improperly reference Petitioner's right not to testify but, instead, was comment regarding the testimony and other evidence presented at trial. *See, e.g., United States v. Porter,* 687 F.3d 918, 922 (8th Cir. 2012) (finding the prosecutor's statements that the jury only heard from one defense witness was not a comment on the defendant's failure to testify);*United States v. Gardner*, 396 F.3d 987, 991 (8th Cir. 2005) ("In general, the government may comment on the failure of the defense, as opposed to the defendant, to counter or explain the evidence unless the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.") (internal quotation marks omitted). Further, strong evidence against Petitioner adequately supports the finding that the comment was non-prejudicial. Accordingly, the Court finds neither state court, issued a decision that was contrary to or an unreasonable application of federal law. Therefore, Ground 3 is denied.

**2. Grounds 4 and 5: Petitioner's Statement to Police**

In Grounds 4 and 5, Petitioner asserts trial counsel was ineffective for failing to request a hearing or file a motion in limine regarding alleged statements made to the police around the time of Petitioner's line-up (Doc. 1 at 36). When Petitioner was arrested, he allegedly told police that he was at the scene of the crime and that the witness would pick him out of the lineup (Resp. Ex. 9 at 2). The Motion Court found that Petitioner was not prejudiced by his statements "in light of the other evidence and particularly the video showing him firing a gun" (Resp. Ex. 6 at 44). The Court of Appeals affirmed, finding neither defective performance nor prejudice:

> First, Movant's claim that he was not given his *Miranda* warnings before making the alleged statements was not supported by the record, and counsel did not have

an obligation to make a frivolous argument. Before admitting Movant's statements, the court established that Movant had been read his *Miranda* warnings before making the alleged statements. Second, Movant was not prejudiced by counsel's failure to request a hearing on Movant's allegation that he did not make the alleged statements. . . . Further, Movant failed to show that the trial court would have excluded the statements if there had been a pre-trial hearing. Moreover, even if Movant's statements were improperly admitted, in light of the evidence supporting his conviction, he was not prejudiced by their admission.
(Resp. Ex. 9 at 5-6) (internal citations omitted).

Although the Missouri courts did not cite *Strickland* directly, they cited to and reasonably applied analogous state case law. Counsel was not ineffective for failing to request a hearing or file a motion in limine regarding Petitioner's statements. The statements' exclusion is not substantiated by the record. Specifically, the Trial Court established Petitioner had been read his *Miranda* warning before making the statements. Moreover, strong evidence against Petitioner adequately supports the finding that these statements did not prejudice Petitioner. Accordingly, the Court finds that neither state court issued a decision that was contrary to, or an unreasonable application of, federal law. Therefore, Grounds 4 and 5 are denied.

### III.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Lyndon Jones' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 17th of August, 2015.

                                              **JOHN A. ROSS**
                                              **UNITED STATES DISTRICT JUDGE**